**IT IS ORDERED as set forth below:**

**Date: September 8, 2023**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In Re: | Chapter 13 |
| Dionte Leshayn Scott,<br>　　　　　　　　Debtor. | Case No. 22-51521-JWC |
| Nationstar Mortgage LLC, its successors or assigns,<br>　　　　　　　　Movant,<br>V.<br>Dionte Leshayn Scott, Debtor<br>Nancy Whaley, Chapter 13 Trustee,<br>　　　　　　　　Respondents. | Contested Matter* |

## ORDER DENYING MOTION FOR RELIEF

This matter arose upon the Motion of Nationstar Mortgage LLC, its successors or assigns, (hereinafter referred to as "Movant"), *Motion for Relief from the Stay of 11 U.S.C. § 362* filed on July 3, 2023 (Doc No. 37) (hereinafter referred to as the "Motion"), scheduled for hearing on July

18, 2023 and upon notice which Movant contends was given to all parties in interest. The hearing on the Motion was subsequently rescheduled for August 8, 2023. The hearing on the Motion was subsequently rescheduled August 22, 2023. For the purposes of this hearing, Debtor and Movant stipulate the following:

Movant contends it has a valid, binding and perfected security interest in 119 Bascomb Drive, Woodstock, GA 30189, (hereinafter referred to as the "Collateral"); Movant holds a secured claim in the Collateral in the original amount of $195,395.00 pursuant to a Note, secured by a Deed to Secure Debt, dated September 1, 2017, as recorded and more particularly described in public records at Deed Book 14209, Page 729, Cherokee County Records; At the time the Motion was filed, Debtor was behind in the post-petition mortgage payments to Movant.

The post-petition arrearage through August 22, 2023, totals $5,558.68, consisting of the monthly payments of June 1, 2023 through August 1, 2023 payments at $1,659.56 each, attorney fees and costs in the amount of $1,238.00, and less the suspense balance in the amount of $658.00.

Movant claims it is not now adequately protected, but Debtor asserts the Collateral is necessary for Debtor's rehabilitation. Accordingly, from the foregoing stipulations, the parties agree that:

1. The amount of post-petition arrearage owed by Debtor as of August 22, 2023 is $5,558.68, and it shall be paid as set forth below;

    A. Debtor shall pay directly to Nationstar Mortgage LLC at PO Box 619094 Dallas, TX 75261-9741 $2,800.00 instanter. The balance of said post-petition arrearage ($2,758.68) shall be paid as follows:

    B. Debtor shall pay directly to Nationstar Mortgage LLC at PO Box 619094 Dallas, TX 75261-9741 $1,659.56 on the first (1) day of each month to be applied to the

regular monthly mortgage payment. The regular monthly mortgage payment resumes September 1, 2023.

C. Debtor shall pay $459.78 being paid on the fifteenth (15) day of each month and to be applied to said post-petition arrearage. Payments on the arrearage begin on September 15, 2023 and to continue for six (6) months, until said post-petition arrearage is cured by February 15, 2024.

D. In the event that the regular monthly mortgage payment changes, Debtor shall pay the modified payment amount on the first (1).

2. Upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Note and Deed for a period of six (6) months from the first payment owed under this Order, or if before the expiration of the strict compliance period Debtor is discharged or this bankruptcy proceeding is dismissed or converted to another chapter under the Code, Movant may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

A. Counsel for Movant shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

  (1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

  (2)  shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

   (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Docket, unless Movant or Counsel for Movant receives notice in writing of a change in Debtor's address within a reasonable time prior to the mailing of the Delinquency Notice; and

   (b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

B. If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on both the Debtor and Debtor's counsel:

  (1)  a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

  (2)  a copy of the Delinquency Notice;

(3) Thereupon the Chapter 13 Trustee will have twenty (20) days from the date of the filing of the Affidavit and notice to file a motion to convert the case to one under Chapter 7 or a motion to sell the property.

(4) Upon expiration of twenty (20) days, if the default is not cured and the Chapter 13 Trustee has not filed a response, the Court may enter an order modifying the stay as to the Collateral, without further hearing. Upon completion of any foreclosure sale by Movant during the pendency of this case, all proceeds exceeding Movant's lawful debt that would otherwise be payable to the debtor shall be promptly remitted to the Chapter 13 Trustee.

(5) In the event relief from the automatic is later granted, the Trustee shall cease funding any balance of Movant's claim and the provisions of Fed. R. P. 4001 (a)(3) may be waived.

**In the event an Order granting relief from automatic stay of Section 362 is entered, without further notice or hearing, an Order lifting the automatic stay may provide that Movant's claim shall no longer be provided for in the Plan pursuant to Section 1322(b)(5) of the Code, that the Trustee shall cease funding the balance of the claim.**

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Movant and Debtor as set forth above is *approved.*

**END OF DOCUMENT**

Prepared by:

/s/Kathlyn Flora Ibrahim Fouad Khashan

Read and Approved by:

/s/ Nicole Lawrence *(with express permission)*

Howell A. Hall 318750
Kathlyn Flora Ibrahim Fouad Khashan 177083
211 Perimeter Center Parkway, N.E.
Suite 130
Atlanta, GA 30346
(770) 220-2535
logsecf@logs.com
**Attorney for Movant**

Nicole Lawrence 472259
Saedi Law Group, LLC
3006 Clairmont Road
Suite 112
Atlanta, GA 30329
(404) 889-8663
**Attorney for Dionte Leshayn Scott**

No Opposition:

/s/ Julie M. Anania    *(with express permission)*
Julie M. Anania 477064
Staff Attorney for Nancy J. Whaley
Standing Chapter 13 Trustee
303 Peachtree Center Ave, NE   Suite 120
Atlanta, GA 30303
(678) 992-1201

## **DISTRIBUTION LIST**

LORENA LEE SAEDI
Saedi Law Group, LLC
3006 Clairmont Road
Suite 112
Atlanta, GA 30329

NANCY WHALEY
303 Peachtree Center Ave, NE   Suite 120
Atlanta, GA 30303

LOGS Legal Group LLP
211 Perimeter Center Parkway, N.E.
Suite 130
Atlanta, GA 30346

DIONTE LESHAYN SCOTT
119 Bascomb Drive
Woodstock, GA 30189